■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD LINN, Appellant. — Judgment, Supreme Court, New York County (Preminger, J.), rendered on January 8, 1981, affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). Concur — Kupferman, J. P., Birns, Sullivan and Carro, JJ.

Sandler, J., dissents in a memorandum as follows: Following his conviction on a plea of guilty to attempted bribery in the second degree, the defendant was sentenced to a term of intermittent imprisonment on weekends for six months. On this appeal the defendant challenges his sentence as excessive. I agree and would modify the sentence to substitute for the term of imprisonment a probationary sentence. Indisputably the crime of which the defendant was convicted, taken together with the misconduct that led up to the bribe offer and the defendant's subsequent failure to co-operate in an appropriate law enforcement inquiry, presents what would be a compelling case for a prison sentence under usual circumstances. The circumstances here do not seem to me usual. The defendant is now 62 years old. He had never been previously arrested. The record discloses that the defendant's previous life had

been free from blemish of any kind and indeed that he has devoted much of his time to constructive and worthwhile community and civic purposes. Some years before the events with which we are concerned, the defendant's right leg was amputated above the knee as a result of an ongoing physical ailment that threatens possible amputation of his second leg. A close examination of the record suggests that the sentencing Judge, for whose judgment and sensitivity I have the highest regard, was influenced in the determination to fix a jail sentence by two circumstances. First was what seems to me an unbalanced probation report that unduly reflected the prosecutor's ardor to obtain a term of imprisonment. Second was the sentencing Judge's apparent impression, in my opinion erroneous, that failure to impose a jail sentence would imply that the defendant was receiving consideration that would not ordinarily be extended to someone who was poor or a member of a minority group. Without minimizing the seriousness of defendant's misconduct, I am unable to find in the record, considered as a whole, reasons sufficiently compelling to justify a jail sentence for a 62-year-old amputee who had previously led a blameless life and who is extremely unlikely ever again to engage in criminal behavior.